## PHENIX INSURANCE COMPANY
### v.
## McKENZIE & CALKINS.

*Attorney and Client—Settlement between, Conclusive on Attorney— Can Not Subsequently Add Charges for Services Rendered Prior to Settle ment.*

This court holds a settlement made between an attorney and his client, for whom he had been making collections, to have been conclusive on the attorney as to his charges, and that, it being discovered subsequently that he had made a collection not included in his report, he could only make an additional charge for that particular collection and at the same rate charged in the settlement.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. GEORGE W. THOMPSON, for appellant.

Mr. J. A. McKENZIE, for appellees.

UPTON, J. This was a suit brought by the appellant to recover money collected by appellees, as attorneys, upon a note placed in their hands for collection by appellant, against John R. Michael, for $35. A trial was had in the Circuit Court with a jury, a verdict returned for appellees, judgment entered thereon, and appealed to this court.

The facts disclosed by this record are, briefly, that in March, 1886, the appellant sent to appellees, who were practicing attorneys at law in Galesburg, Ill., a large number of notes of small amounts for collection, several of which had been col-

lected, and the amounts were remitted in part as collected. In September of that year appellant's agent called upon appellees; found $100 in their hands collected and not remitted, appellees claiming for their services and fees in collection the whole, or some part thereof. A settlement was then had as to such services, and charges therefor were fixed and agreed upon at twenty-five per cent of the money collected, which was to be in full for all services rendered by appellees for the appellant in the business of such collections; and the notes then in the hands of appellees uncollected, to the appellant belonging, there to be delivered up to the appellant, and the sum of $25, being the amount then due them on the money then in appellees' hands ($100), as the accounts were then stated, was paid appellees by appellant, and thereupon the following receipt was executed by the appellees and delivered to appellant, viz.:

"GALESBURG, Ill., Sept. 17, 1886.

Received of the Phenix Insurance Co. of Brooklyn, N. Y., twenty-five (25) dollars, being 25 per cent. of money by us collected, and the same is in full of all claims to date.

Signed,    McKENZIE & CALKINS."

At the time of making this settlement, and in checking up the notes for return to appellant, one note against John R. Michael for $35 could not be found or accounted for; was supposed to be lost, or mislaid, and was not returned to appellant. It was afterward ascertained that the Michael note had in fact been collected by and paid to the appellees on the 27th of August, 1886, or about that date, and prior to the above named settlement, of which the appellant had no knowledge or information. Appellant, on ascertaining that fact (which was soon after the settlement), called upon appellees and demanded the money so collected, less the twenty-five per cent (fees agreed upon for collection), which appellees refused to pay, but instead thereof, claimed upon a revised account for services in making the collections accounted for in the above stated settlement, which claimed amount was for writing thirty-seven dunning letters to the several parties on the notes as delivered to the appellant and on those collected and accounted for in that settlement, with other items sufficient to

cover the Michael note; which claimed services were all performed (if performed at all) long before the settlement above stated, and the execution of the receipt above set forth, and which were all known to appellees or should have been, when the settlement was made and the receipt given.

It would appear from this record that the charges embraced in this account claimed, or the major part thereof, were not even upon the books of the appellees; Mr. McKenzie frankly admits that he never thought of making any of the charges in the last named account until he found the note in question was collected.

Certainly it is not claimed that there was any mistake or fraud in the matter of that settlement, or the statement of the accounts between the parties to it, except as to the collection by appellees of the Michaels note in question.

We think beyond doubt that the charge of twenty-five per cent upon the collections actually made upon the notes so in their hands was intended to be in full compensation for all services performed by appellees in their efforts made and means taken by them to make such collections, and was so understood between the parties at the time of making such settlement. In that view we think the only charge against the appellant which the appellees would be entitled to recover for after the discovery of the collection of the Michaels note in question would be twenty-five per cent of the amount collected upon that note, being the same basis of percentage as the other collections upon the other notes were settled for and adjusted.

We also think appellant's refused instruction should have been given the jury and that the trial court erred in not so doing. We are further of the opinion the instructions numbered one, two and four, given for the appellees, were erroneous and misleading, and should not have been given. The court also committed an error in not granting a new trial on appellant's motion.

The judgment of the court below is therefore reversed and the cause is remanded for further proceedings not inconsistent with the views above expressed.

*Reversed and remanded.*